<div style="float:right">BLAND<br>vs.<br>CREAGER, &c.<br><br>that though the tenant was·not legally bound for the rents, yet the chancellor had no power to relieve him; his defense was at law.</div>

*Harlan*, for appellant; *Morehead & Brown*, for appellee.

---

## Bland *vs.* Creager, &c.

### ERROR TO HARDIN CIRCUIT.

Judge SIMPSON delivered the opinion of the court.

<div style="float:right">COVENANT.<br><br>Case 37.<br><br>January 17.</div>

In an action on a bond, given by defendant for the forthcoming of property, attached to satisfy a decree of the chancellor, a delivery of part of the property does not exonerate the obligors from any part of the penalty of the bond, but the plaintiff may recover the full value of the property not delivered, not exceeding the penalty of the bond, if necessary to satisfy the decree.

Bland instituted a suit in chancery against Creager to foreclose a mortgage on some personal property, and sued out an attachment, which was levied, to secure the property until he could procure a decree to sell it to pay the mortgage debt.

<div style="float:right">Case stated.</div>

The defendant executed a bond with security in the penalty of two hundred dollars, conditioned to

have the property attached forthcoming to abide such order or decree as the court might make in the cause.

A decree was rendered in favor of the complainant against the defendant for the sum of $335 32, and the costs of the suit. A commissioner was appointed to sell the property which the defendant was ordered to deliver to him for the purpose. The commissioner reported that he had sold part of the property for $96 50, and that the remainder of it had not been delivered.

This action of covenant was then brought by Bland against Creager and his sureties, on the bond executed by them for the forthcoming of the property. The law and the facts were submitted to the court by the parties, and a judgment rendered for the plaintiff for the sum of $103 50.

It was admitted on the trial that the property which had been attached and bonded was of the value of $335 32, and that a part of it, of the value of $96 50, had been surrendered to the commissioner and sold by him.

The plaintiff has prosecuted a writ of error to reverse the judgment, and contends that it is for a less amount than he was entitled to recover.

On the other side it is contended that the sureties in the bond were only liable to the extent of the penalty, and as part of the property, of the value of $96 50, had been delivered, their liability was that far discharged, and they were only liable for the balance of the penalty of the bond being $103 50, the amount for which the judgment of the court below was rendered.

Conceding that the liability of the sureties for a breach of the bond did not exceed the penalty, that liability was created by a failure to deliver the property, and until such failure occurred the liability did not exist. Whenever the condition of the bond was broken, the obligors became liable to the extent of the penalty, and the obligee had a right to recover the value of the property which had not been deliver-

In an action on a bond, given by defendant for the forthcoming of property, attached to satisfy a decree of the chancellor, a delivery of part of the property

ed, if it did not exceed the balance due him on the decree, or the amount of the penalty of the bond. The stipulation in the bond was not for the payment of two hundred dollars, it was virtually for the delivery of the whole of the property. A partial compliance with this undertaking did not discharge any part of the penalty. The penalty was not due until the condition of the bond was broken, and then the obligors were liable for the whole of the penalty, if the obligee in the bond was injured to that extent by the breach of its condition. It was the duty of the obligors to deliver all the property, and a failure to deliver any part of it was a breach of the condition of their bond.

Wherefore the judgment is reversed, and cause remanded for a new trial, and further proceedings consistent with this opinion.

*Riley* and *Muir*, for plaintiff; *Helm* and *Wintersmith,* for defendant.